## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **PACE IV, LLC** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:17-cv-636** |
| | § | |
| **DEPOSITORS INSURANCE** | § | |
| **COMPANY** | § | |
| | § | |
| *Defendant* | § | |

---

### PLAINTIFF PACE IV, LLC'S FIRST AMENDED COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Pace IV, LLC, (hereinafter referred to as "Plaintiff"), complaining of Depositors Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### JURISDICTION & VENUE

1. This Honorable Court has jurisdiction and venue is proper because (1) one or more acts or omissions forming the basis for liability occurred in Collin County, Texas, (2) Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and (3) Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

2. Venue lies in the U.S. Eastern District of Texas, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff is a limited liability company doing business in Collin County, Texas.

---

4.  Defendant is a company engaged in the business of selling insurance policies and adjusting insurance claims. This includes selling commercial policy number BPAD07226247415 (hereinafter "the Policy") associated with claim number 7842124547PE16032351 (hereinafter "Claim"), both of which apply to Plaintiff's business property at issue in the present case. Defendant has appeared and answered through counsel and is before this Honorable Court for all purposes.

## FACTUAL BACKGROUND

5.  Plaintiff purchased a policy from Defendant Depositors Insurance Company, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

6.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 620 W. Parker Road, Plano, Texas 75075.

7.  Defendant Depositors Insurance Company and/or its agent sold the Policy insuring the Property to Plaintiff.

8.  Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is a business entity who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

9.  On or around March 23, 2016, Plaintiff experienced a severe weather-related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Depositors Insurance Company. Plaintiff subsequently opened a claim on or around March 23, 2016 and Defendant Depositors Insurance Company assigned an adjuster to adjust the claim.

10. The Defendant conducted its initial inspection 04/12/2016. The results of that inspection rendered a replacement cost value (RCV) amount of $53,506.78. Frustrated by the Defendant's

failure to adequately assess its claim, Plaintiff was forced to bear its own costs and retain the services of an estimator to assess the damages to its property. The investigation by Plaintiff's estimator revealed that the damage to the property was in the amount of $181,520.27. The gross disparity between the Defendant's initial RCV of $53,506.78 and the estimator's RCV of $181,520.27 indicates that: 1) The Defendant failed to conduct a reasonable investigation; and 2) Such conduct demonstrates Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear.  TEX. INS. CODE §541.060(a)(2)(A).

11. Plaintiff's estimate contains several pages of photos of hail damage to the entire roof and exterior of the Property. The Defendant's estimate, on the other hand, accounted for only minimal roof damage and no other exterior damage. Such conduct by the Defendant further violates Tex. Ins. Code §541.060(a)(2)(A); (7) for failure to conduct a reasonable investigation and failing in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear.

12. Additionally, Plaintiff's estimate accounted for Occupational Safety and Health Administration ("OSHA") requirements. According to the Plaintiff's estimate, the necessary repairs to the property would require a safety monitor, fall protection harnesses, and lifeline anchor points for worker safety as required by the Occupational Safety and Health Administration pursuant to §1926.502. The Defendant's estimate did not allow for OSHA requirements. By failing to account for necessary code compliance in its estimate, The Defendant violated Tex. Ins. Code §§541.060(a)(2)(A) for failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim.

13. Thereafter, Defendant Depositors Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

14. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

15. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.  This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

16. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level ***SHALL*** be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems."  Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added).  This protection was intentionally not included or reflected within the scope of work provided by Defendant for

Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

17. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

18. Defendant's assigned adjuster acted as an authorized agent of Defendant Depositors Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Depositors Insurance Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

19. Defendant Depositors Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

20. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event, such as the one that damaged the Property in this case.

21.  All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

22. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

23. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

24. All acts by Defendant Depositors Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Depositors Insurance Company and/or were completed in its normal and routine course and scope of employment.

25. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

26. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

**CAUSES OF ACTION**

**COUNT ONE: BREACH OF CONTRACT**

27. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

28. Defendant Depositors Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Depositors Insurance Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Depositors Insurance Company had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

29. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and its representatives, Defendant Depositors Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event.  As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

**COUNT TWO: VIOLATIONS OF THE TEXAS
DECEPTIVE TRADE PRACTICES ACT**

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

32. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

33. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

34. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

35. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

36. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

37. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

38. As described in this First Amended Complaint, Defendant Depositors Insurance Company represented to Plaintiff that its Policy and Depositors Insurance Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

39. As described in this First Amended Complaint, Defendant Depositors Insurance Company represented to Plaintiff that its Policy and Depositors Insurance Company's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

40. By Defendant Depositors Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

41. Defendant Depositors Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy.  This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

42. Defendant Depositors Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

43. Defendant Depositors Insurance Company's conduct, acts, omissions, and failures, as described in this First Amended Complaint, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

44. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Depositors Insurance Company, to its detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this First Amended Complaint.

45. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental

anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

46. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

## COUNT THREE: VIOLATIONS OF THE TEXAS INSURANCE CODE

47. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

48. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

49. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

50. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

51. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

52. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

53. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

54. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

55. Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

56. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

57. Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

58. Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

59. Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

60. Failing to state the reasons for rejection (§ 542.056(c));

61. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

62. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

63. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

64. By its acts, omissions, failures and conduct, Defendant Depositors Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant Depositors Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

65. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Depositors Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

66. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Depositors Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

67. As a result of Defendant Depositors Insurance Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## <u>COUNT FOUR: BREACH OF THE COMMON LAW</u><br><u>DUTY OF GOOD FAITH AND FAIR DEALING</u>

68. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

69. From and after the time Plaintiff's claim was presented to Defendant Depositors Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

70. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## COUNT FIVE: NEGLIGENCE

71. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

72. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was

properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

73. Defendant Depositors Insurance Company and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjustor, breached this duty in a number of ways, including, but not limited to, the following:

74. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

75. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property; and,

76. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages.

77. Defendant's acts, omissions, and breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## KNOWLEDGE

78. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

79. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

80. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

81. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

82. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

83. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

84. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

85. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

86. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

87. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

88. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## JURY DEMAND

89. Plaintiff demands a jury trial, consisting of citizens residing in Collin County, Texas, and tenders the appropriate fee with this First Amended Complaint.

## CONCLUSION

90. Plaintiff prays that judgment be entered against Defendant Depositors Insurance Company and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this First Amended Complaint.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant Depositors Insurance Company, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on its behalf expended, for pre-judgment and

post-judgment interest as allowed by law, and for any other and further relief, either at law or in

equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Heather E. Hall*
**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Heather E. Hall
State Bar No. 24089909
440 N. Louisiana Street., Suite 300
Houston, Texas 77002
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Heather@mma-pllc.com

**ATTORNEYS FOR PLAINTIFF,**
**PACE IV, LCC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 13, 2017, a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system and/or facsimile, pursuant to Federal Rule of Civil Procedure 5(b), as follows:

Patrick M. Kemp
Robert R. Russell
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
***Counsel for Defendant***

*/s/ Heather E. Hall*
Heather E. Hall